UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JIMMY D. COSPER, | ) | | |
| Plaintiff, | ) | | |
| v. | ) | No. | 1:16−CV−320−PLR−SKL |
| UNITED STATES OF AMERICA, | ) | | REEVES/LEE |
| Defendant. | ) | | |

## MEMORANDUM OPINION

Plaintiff, Jimmy Cosper, brought this action against the United States for damages incurred as a result of an automobile accident with an agent of the Bureau of Alcohol, Tobacco, and Firearms. Before the court is the United States' motion to enforce the parties' settlement agreement. For the reasons that follow, the motion is **GRANTED**.

### Background

Cosper filed this action on July 29, 2016. The parties negotiated a settlement of $10,000 the first week of January 2017. A stipulation for Compromise Settlement and Release of Federal Tort Act claims was signed by Cosper, his counsel, and counsel for the United States on January 31, 2017. On February 2, 2017, documentation was sent to the Department of Treasury for an electronic funds transfer. The Treasury Department offset a debt owed by Cosper (child support obligation) and transferred one dollar ($1) to Cosper's counsel's account. Cosper and his counsel have refused to sign a stipulation of dismissal of the case.

The United States moves for enforcement of the settlement agreement and dismissal of the case stating that the parties reached an agreement on all material terms of settlement, and the United States acted on that agreement by preparing an electronic funds transfer. Despite an offset by the Treasury Department, Cosper has received the benefit of his bargained for settlement, but the United States has not received the benefit of its bargain – dismissal of the case.

Cosper has not responded to the United States' motion and pursuant to LR 7.2, his failure to respond will be deemed a waiver of any opposition to the relief sought.

## **Analysis**

District courts have the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Public policy strongly favors settlement of disputes without litigation, and settlement agreements should be upheld whenever it is equitable to do so. *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir. 1976). Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law. *Tocci v. Antioch Univ.*, 967 F.Supp.2d 1176, 1191 (S.D. Ohio 2013).

Before enforcing a settlement, the court must conclude that agreement has been reached on all material terms. *Brock.,* 841 F.2d at 154. An evidentiary hearing may be required where facts material to an agreement are disputed. *Aro Corp.,* 531 F.2d at 1372. However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Id.* Thus, summary enforcement of a settlement agreement

2

has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. *Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 622 (6th Cir. 1973). In so determining, the Sixth Circuit instructs district courts to consider whether the objective acts of the parties reflect that an agreement has been reached. *Re/Max Int'l Inc. v. Realty One, Inc.,* 271 F.3d 633, 646 (6th Cir. 2001).

The Treasury Offset Program subjects to offset all funds payable by the United States to an individual who owes delinquent federal debts, unless the payment is exempted from offset by statute or regulation. *See* 31 U.S.C. § 3701(a)(1). Once a debt is submitted for administrative offset, the Treasury Department is required to offset a payment to satisfy the debt. 31 U.S.C. § 3716(c)(1)(A). Thus, offset is a mandatory, non-discretionary function. *Johnson v. U.S. Dep't of Treasury*, 300 Fed. Appx. 860, 862 (11th Cir. 2008).

Based on the record herein, the court finds the parties entered into an enforceable contract. The parties' minds met in mutual assent to the terms, as evidenced by Cosper's signature, his counsel's signature, and the signature of counsel for the United States on the Stipulation and Acknowledgment. The contract was based upon sufficient consideration and was free from fraud or undue influence. The terms were sufficiently definite - $10,000 to Cosper in exchange for release of all claims related to the automobile accident at issue in this case. The United States has fulfilled its obligation under the contract. The mandatory offset of a debt by the Treasury Department does not change the enforceability of the settlement contract. The United States is only required to remit funds to the extent the settlement amount exceeds the debt to be offset. *See Hughes v. United States*, 2015

WL 4477961 (E.D. La. July 22, 2015). Cosper may be unhappy with the application of the Treasury Offset Program, but he has no basis for refusing to agree to dismissal of this case.

Once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake. *Brown v. Cnty of Genesee,* 872 F.2d 169, 174 (6th Cir. 1989). Cosper has not presented the court with any evidence of fraud or mutual mistake which would invalidate the parties' agreement. Accordingly, the court will enforce the parties' settlement agreement and dismiss this action, with prejudice.

## Conclusion

The United States' motion to enforce settlement agreement [R. 15] is **GRANTED**, and Cosper's claims against the United States are **DISMISSED, in their entirety, with prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**